Davis v Brown (2022 NY Slip Op 07147)

Davis v Brown

2022 NY Slip Op 07147

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 151757/21 Appeal No. 16883 Case No. 2022-00654 

[*1]Mary E. Davis, Plaintiff-Appellant,
v
Joyce F. Brown, in her Individual Capacity and her Official Capacity as President of Fashion Institute of Technology, et al., Defendants-Respondents.

Krantz & Berman LLP, New York (Marjorie Berman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Ricki E. Roer of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 6, 2022, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to reinstate the claim based on defamation by implication, and otherwise affirmed, without costs.
Accepting each and every allegation as true on this CPLR 3211 motion (see Davis v Boeheim, 24 NY3d 262, 268 [2014]), plaintiff, the former Dean of Graduate Studies at defendant Fashion Institute of Technology (FIT), was placed on leave following criticisms over culturally insensitive accessories presented in an FIT-sponsored alumni fashion show. Plaintiff alleges that a letter published by defendants contained defamatory remarks on its face, implied, or both, and impugned plaintiff's reputation.
The letter contains no defamation on its face; it does not outright state plaintiff was incompetent or racist. Considering that the letter was issued in response to community criticisms, the letter implies that plaintiff was responsible for the show and failed to recognize the accessories as insensitive, even though she took no part in managing, directing, or approving the show. The complaint contains references to publications from other sources that interpret the letter as placing the blame on plaintiff and deeming her leadership inexcusable and irresponsible (James v Gannett Co., 40 NY2d 415, 420 [1976] ["The [defamatory] publication will be tested by its effect upon the average reader"]). On a CPLR 3211 (a)(7) motion to dismiss, denial is warranted if taking the words used both in their ordinary meaning and in context make them susceptible to a defamatory connotation as occurs in this case (Davis v Boeheim, 24 NY3d at 272). The letter also contains statements of mixed opinion, "While a pure opinion cannot be the subject of a defamation claim, an opinion that 'implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, . . . is a 'mixed opinion' and is actionable'" (id., quoting Steinhilberv Alphonse, 68 NY2d 283, 289 [1986]). The letter omitted plaintiff's nonparticipation in the production, direction, and management of the fashion show; her unawareness as to the accessories the designers planned to present; the FIT policy precluding academic deans from evaluating, censoring, or approving student and alumni work; and plaintiff's prompt response to
student concerns and her proactive approach to address those concerns; and implied that plaintiff was responsible for the show, was aware of the accessories, could approve them, and failed to respond to student concerns.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022